David B. PORTEE, Plaintiff–Appellant,

v.

J. ALVARADO; et al., Defendants– Appellees.

No. 11–17246.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2012.*

Filed July 26, 2012.

David B. Portee, Soledad, CA, pro se.

Nkia Richardson, Office of the City Attorney, San Jose, CA, for Defendant–Appellee.

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

California state prisoner David B. Portee appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. While we review for abuse of discretion a district court's decision not to permit further discovery, if, as here, the district court fails to address the motion before granting summary judgment, we review de novo. *Margolis v. Ryan,* 140 F.3d 850, 853 (9th Cir.1998). We affirm.

The district court properly declined to permit further discovery on the issue of liability under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), because Portee was unable to show an underlying due process violation to support a *Monell* claim. *See Jackson v. City of Bremerton,* 268 F.3d 646, 653–54 (9th Cir.2001) ("Neither a municipality nor a supervisor . . . can be held liable under § 1983 where no injury or constitutional violation has occurred."); *see also Chance v. Pac–Tel Teletrac, Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir.2001) (the burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment).

The district court did not err in declining to address Portee's request for a continuance because an order granting summary judgment necessarily implies denial of the requested continuance. *See Margolis,* 140 F.3d at 853 (9th Cir.1998).

Portee's remaining contentions, including his assertion that the district court violated its own discovery order, are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.